**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY EDWARD GOODMAN, | No. 20-15310 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-04233-DJH |
| v. | |
| LAURA DONNELLY, individual & official capacity; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| LAURIE LECLAIR; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted August 19, 2021[**]

Before: GOODWIN, CANBY, and SILVERMAN, Circuit Judges.

Gregory Edward Goodman, formerly an inmate in the custody of the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Arizona Department of Corrections ("ADC"), appeals pro se the district court's summary judgment in his action under 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights by providing a vegan diet that is nutritionally deficient. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), and we affirm.

The district court properly granted summary judgment for Donnelly, a registered dietician who developed the ADC's vegan diet, because Goodman did not raise a triable dispute as to whether she knew of the health issues that he allegedly suffered due to the vegan diet. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison officials violate the Eighth Amendment only if they both know of and disregard an excessive risk to an inmate's health or safety).

The district court properly granted summary judgment for Johnson, the ADC's Facility Health Administrator, because Goodman did not raise a triable dispute, first, as to whether she "participated in or directed [any] violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), and second, as to whether Johnson's inaction caused him any harm, *see Jett*, 439 F.3d at 1096 (Eighth Amendment claim requires a showing of harm caused by defendant's deliberate indifference).

We do not consider Goodman's contention that the district court erred in denying an unspecified request for documents. *See Padgett v. Wright*, 587 F.3d

983, 985 n.2 (9th Cir. 2009) (per curiam) (declining to consider matters not specifically raised and argued in the opening brief).

**AFFIRMED.**